CRONE, Judge,
dissenting.
The majority acknowledges that “public policy requires the invalidation of restrictive covenants when there have been changes in the character of the subject land that are ‘so radical as practically to destroy the essential objects and purposes of the agreement.’ ” Op. at 600 (quoting Cunningham, 182 Ind.App. at 516, 395 N.E.2d at 855). In my view, the relevant facts found by the trial court and recited by the majority constitute overwhelming proof that changes have occurred in the Community over the past decade or so that are far more radical than a mere “ ‘lack of recreational facilities.’ ” Id. at 601 (quoting Appellant’s Reply Br. at 1). Real-estate speculators have turned what once was a well-appointed, well-financed, well-maintained, and well-patrolled retirement and recreational community into an economically and infrastructurally devastated eyesore. As such, I believe that the trial court did not err in abrogating Meador’s obligation to pay dues and assessments under the Covenants. That said, because a lot owner’s ability to vote is contingent upon his payment of assessments, I would reverse the trial court’s ruling that Mea-dor may retain his voting rights.